IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**RAEGENA BOGGS and her
husband, PAUL BOGGS,**

      **Plaintiffs,**

v.                                                                                         CIVIL ACTION NO. _2:20-121

**3M COMPANY, et al.,**

      **Defendants.**

### NOTICE OF REMOVAL

**TO:**    **The United States District Court
Southern District of West Virginia**

Defendant Greyhound Lines, Inc. ("Greyhound") and through undersigned counsel and pursuant to 28 U.S.C. §1332, and 28 U.S.C. §1441, hereby give notice that Civil Action No. 19-C-424, filed in the Circuit Court of Kanawha County, West Virginia and captioned Raegena Boggs and her husband, Paul Boggs, Plaintiffs v. 3M Company, et al., Defendants, (the "Action"), is removed to the United States District for the Southern District of West Virginia. In support thereof, Greyhound states as follows:

1.    Plaintiffs filed a Complaint on or about April 30, 2019 in the Circuit Court of Kanawha County, West Virginia having Civil Action No: 19-C-424.  Pursuant to 28 U.S.C. §1446(a), a copy of all process and Complaints served on Greyhound and the Civil Docket Sheet is attached hereto as Exhibit A.

2.    Trial of this action was scheduled to commence on February 11, 2020, before the Honorable Ronald E. Wilson.

3. Prior to the commencement of the trial, all parties to the action, with the exception of Greyhound Lines, Inc., ArvinMeritor, Inc., Carlisle Companies, Inc. and Vimasco Corporation, announced to the Court that they had settled all claims of the Plaintiffs and/or were otherwise dismissed from the action.

## DIVERSITY JURISDICTION
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds $75,000.00, per plaintiff, exclusive of interests and costs, and the suit is between citizens of different states and is, therefore, removable under the provisions of 28 U.S.C. § 1441, et seq.

5. The Plaintiffs are Raegena Boggs and her husband Paul Boggs. Ragena Boggs and Paul Boggs are residents of the State of Colorado. *See* Raegena Boggs Deposition, p. 15:2-4, attached hereto as Exhibit B.

6. Greyhound Lines, Inc., is a Delaware corporation having its principal place of business in Texas. Therefore, Greyhound Lines, Inc., is not now—and was not at the time Plaintiffs' Complaint was filed—domiciled in the state of West Virginia.

7. ArvinMeritor, Inc. is an Indiana corporation, with its principal place of business in Michigan. ArvinMeritor, Inc. is not now—and was not at the time Plaintiffs' Complaint was filed—domiciled in the state of West Virginia.

8. Carlisle Companies, Inc. is a Delaware corporation, with its principal place of business in Scottsdale, Arizona. Carlisle Companies, Inc. is not now—and was not at the time Plaintiffs' Complaint was filed—domiciled in the state of West Virginia.

9. Vimasco is a West Virginia corporation and therefore is the only non-diverse defendant. Vimasco has been improperly joined in this action, so the citizenship of this defendant must therefore be ignored for jurisdictional purposes. As detailed below, Plaintiffs have no possible claim against the non-diverse defendant, Vimasco. Consequently, its joinder in this action constitutes an improper, wrongful and "fraudulent" joinder under applicable law.

10. This action is part of the West Virginia asbestos litigation wherein Plaintiffs allege that Raegena Boggs (Ms. Boggs) was exposed to asbestos. Specifically, Ms. Boggs alleges para-occupational exposure (i.e. take-home exposure) through her Father's work as a mechanic for Greyhound from 1964 to 1976. *See* Exhibit B.

11. Plaintiffs' Complaint was filed on April 30, 2019—less than one year before the date of the Notice of Removal.

12. The Complaint named fifty-five (55) defendants—including Vimasco and West Virginia Electric Supply Company which are domiciled in the state of West Virginia. Accordingly, at the time that the original Complaint was filed, it was not subject to removal to this Court.

13. As of February 11, 2020, all claims had resolved with the exception of Greyhound, ArvinMeritor, Carlisle and Vimasco. Consequently, Vimasco is the sole non-diverse defendant.

14. There is no evidence that Ms. Boggs was exposed to a product for which Vimasco is responsible. As a result, on February 7, 2020, Vimasco filed a motion for summary judgment on the ground that "no evidence exists that Raegena Boggs was exposed to any respirable asbestos produced by a product manufactured, distributed or supplied by Vimasco, either directly or indirectly." *See Stafford EMS, Inc. v. J.B. Hunt Transport, Inc.* 279 F. Supp. 2d 773, 775-

776 (S.D. W. Va. 2003), quoting *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, F.2d 1000,1003 (4th Cir. 1990)("the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of the joinder by any means available.'") Vimasco's Motion for Summary Judgment and integrated memorandum in support are attached as Exhibit C.

15. As of the filing of this Notice of Removal, Plaintiffs have not filed any Response to the Vimasco Motion for Summary Judgment, obviously reflecting that they cannot create a genuine issue of material fact sufficient to withstand summary judgment.

16. Under the fraudulent joinder doctrine, diversity cannot be defeated by the presence of an improperly joined non-diverse defendant. Because plaintiffs cannot possibly support a cause of action against Vimasco, it is axiomatic that Vimasco has been fraudulently joined. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993); *Potter v. Metropolitan Life*, 2011 U.S. Dist. Lexis 138602 (S.D. W. Va.).

17. Succinctly, Plaintiffs cannot prevail on any claim against Vimasco. As such, Vimasco has been fraudulently joined for the sole purpose of defeating diversity jurisdiction. Consequently, this court can ignore Vimasco state of citizenship and accept and retain jurisdiction over the matter and, thereby dismiss Vimasco. *Mays v. Rapport*, 198 F.3d 457 (4th Cir. 1999).

18. Complete diversity exists between the remaining parties.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

19. Plaintiffs allege that Raegena Boggs contracted mesothelioma due to asbestos exposure. While it is facially apparent that the amount in controversy exceeds $75,000, per

plaintiff, exclusive of interest and costs, Plaintiffs demand against Greyhound have exceeded that amount. Plaintiffs' demand for economic damages alone exceed the amount in controversy.

## ALL NECESSARY DEFENDANTS CONSENT TO REMOVAL

20. ArvinMeritor and Carlisle—the remaining defendants which were not improperly joined—have consented to this removal. Copies of the consents are attached hereto as Exhibit D.

## GREYHOUND'S REMOVAL IS TIMELY

21. Greyhound's removal is timely because the case was not removable to this Court until it was disclosed on February 11, 2020 that the wrongfully joined Vimasco was the sole remaining West Virginia defendant.

22. Venue is proper in this Court pursuant to 28 U.S.C. §1441(a), in that this district and division embraces the place where the action was filed and is therefore pending.

23. Pursuant to 28 U.S.C. § 1446(d) and promptly after the filing of this notice of removal, Greyhound will give written notice of this Notice of Removal to all parties in the State Court Action, and Greyhound will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Kanawha County, State of West Virginia– the court in which the State Court Action was originally filed.

WHEREFORE, because this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, Greyhound Lines, Inc. hereby removes the action from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia and respectfully requests that Vimasco be dismissed as a defendant.

Dated this 11th of February, 2020.

**GREYHOUND LINES, INC.,**

**By Counsel.**

*/s/ Raj A. Shah              02/11/2020*
R. Scott Long, Esquire (#2238)
Raj A. Shah, Esquire (#11269)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia  25339
(304) 346-5500
(304) 346-5515 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant certifies that the foregoing **"NOTICE OF REMOVAL"** was electronically filed and served with the Clerk of the Court on **February 11, 2020,** using the Court's CM/ECF system, which will serve such filing on Plaintiffs' counsel and all other known Defendants of record.

*/s/ Raj A. Shah*          02/11/2020
R. Scott Long, Esquire (#2238)
Raj A. Shah, Esquire (#11269)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia  25339
(304) 346-5500
(304) 346-5515 (facsimile)