# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

RAEGENA BOGGS and
PAUL BOGGS,

                Plaintiffs,

v.                                       CIVIL ACTION NO. 2:20-cv-00121

3M COMPANY, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed Defendant Greyhound Lines, Inc.'s *Notice of Removal* (Document 1). The Court has treated the allegations contained therein as true. In addition, the Court has reviewed the Plaintiffs' *Emergency Motion for Remand and for § 1447(c) Fees and Costs* (Document 4). For the reasons stated herein, the Court finds that removal was improper because a properly joined and served Defendant is a citizen of West Virginia.

## FACTS

The Plaintiffs, Raegena Boggs and her husband, Paul Boggs, initiated this action on April 30, 2019 in the Circuit Court of Kanawha County as part of the West Virginia asbestos litigation.

The Plaintiffs are residents of Colorado. As relevant to removal, Greyhound Lines is a Delaware corporation with a principal place of business in Texas. ArvinMeritor, Inc. is an Indiana corporation with a principal place of business in Michigan.[1] Carlisle Companies, Inc. is a

---

[1] The Court has been notified by counsel for ArvinMeritor that it has reached a settlement and is no longer an active party in the case.

Delaware corporation with a principal place of business in Arizona. Vimasco is a West Virginia corporation. The Plaintiffs named fifty-five Defendants in their complaint. On February 11, 2020, the parties indicated that all claims had been resolved with the exception of the claims against Greyhound, ArvinMeritor, Carlisle, and Vimasco.

On February 7, 2020, Vimasco filed a motion for summary judgment, asserting that there is no evidence Ms. Boggs was exposed to asbestos as a result of its products. The Plaintiffs had not responded to the motion for summary judgment at the time of removal. The state court had not ruled on the motion. Trial was scheduled to begin in state court on February 11, 2020, and a jury was empaneled. The Defendants removed the matter on that date. The Plaintiffs indicate that the state court released the jury with instructions to return on Tuesday, February 18, 2020.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[2] This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de*

---

2  Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

*Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998). In addition, "a civil action otherwise removable solely on the basis of the jurisdiction under Section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable" defendants may remove within 30 days of receipt of "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." However, cases may not be removed under Section 1446(b)(3) more than one year after commencement of the action, absent bad faith on the part of the plaintiff. 28 U.S.C. § 1446(c)(1). Further, where a non-diverse party is dismissed from a state action, whether removal is available depends upon whether the dismissal was voluntary on the part of the plaintiff. Only "[i]f the plaintiff voluntarily dismissed the state action against the non-diverse defendant, creating complete diversity," may the action be removed. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).

It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148,

3

151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

"The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case . . .. This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder: "[T]he removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or; that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original; brackets removed). Courts may consider the record beyond the pleadings to "determine the basis of joinder" and "whether an attempted joinder is fraudulent." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal quotation marks and citations omitted).

The Fourth Circuit has described the standard for fraudulent joinder as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424. Furthermore, "all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists" and "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks removed).

The Hartley court went on to explain:

> In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact. Allowing joinder…is proper in this case because courts should minimize threshold litigation over jurisdiction. *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464 n. 13, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) ("Jurisdiction should be as self-regulated as breathing; ... litigation over whether the case is in the right court is essentially a waste of time and resources." (internal quotation marks omitted)). Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

*Id.*

## DISCUSSION

Greyhound removed this action based on the filing of a motion for summary judgment by a Defendant based in West Virginia. The Plaintiffs argue that a motion for summary judgment does not provide a basis for removal under 28 U.S.C. § 1446 and that a contested motion for summary judgment does not establish fraudulent joinder. They seek immediate remand, and

request that the Court retain jurisdiction for the limited purpose of awarding costs and fees pursuant to 28 U.S.C. § 1447(c).[3]

Vimasco remains an active Defendant in this matter. The standard for establishing fraudulent joinder is high. The Defendants' position that this Court should resolve a motion for summary judgment involving a West Virginia Defendant, turning on disputes regarding the factual record and evidence, to find that Vimasco was fraudulently joined falls laughably short of meeting that standard. Even if the motions for summary judgment were *successful* in state court, removal is not permissible "if the non-diverse party has been involuntarily dismissed by order of the state judge" in light of the possibility of an appeal. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).[4] In this case, trial with a non-forum state Defendant was essentially underway at the time of removal. There is no contention that Vimasco was not properly joined and served at the initiation of the case, for purposes of 28 U.S.C. § 1441(b)(2). The Defendants contend that its forum-state residency should be disregarded because they view the claims against it, as developed in the months since the filing of the complaint, to be weak. The merits of the Plaintiffs' case against any of the Defendants is not a matter for this Court to resolve in a jurisdictional inquiry.

---

3 Because the Court assumes the facts (though not the legal conclusions) contained in the Notice of Removal are accurate, and in deference to the state court's active trial schedule in this matter and in the related cases removed on the same date, the Court finds it appropriate to remand without awaiting a responsive pleading. (*See also Swiger v. A.R. Wilfley & Sons, Inc.*, 2:20-cv-117 & *Puffinberger v. 3M Company*, 2:20-cv-122.)

4 The same standard is applicable where fraudulent joinder is alleged as to a forum state Defendant. *See, e.g.*, *Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 553 (S.D.W. Va. 2015) (Johnston, J.) (citing cases finding that the language barring removal of cases with a 'properly joined and served' forum state defendant was designed to address potential fraudulent joinder of forum state defendants.)

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiffs' *Emergency Motion for Remand and for § 1447(c) Fees and Costs* (Document 4) be **GRANTED** and that this case be **REMANDED** to the Circuit Court of Kanawha County, West Virginia, for further proceedings.

The Court further **ORDERS** that any motion seeking an award of costs and fees associated with the removal of this action pursuant to 28 U.S.C. §1447(c) be filed no later than **March 6, 2020**. Any such motion shall be accompanied by a calculation of applicable costs, supporting affidavits or other evidence, and associated briefing.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Kanawha County, West Virginia, to counsel of record and to any unrepresented party.

ENTER: February 13, 2020

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA